**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Tyrone Blocker, #17221-171, | ) | Criminal No. 5:08-00944-MBS |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Tyrone Blocker's ("Movant") pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"), as well as his motion to amend the motion to vacate. ECF Nos. 1728 & 1833. The United States of America ("Respondent") opposes the motion to vacate and moves the court to grant it summary judgment. ECF Nos. 1761-62. Respondent did not file an opposition to the motion to amend.

**I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Movant is a federal prisoner currently incarcerated at the Federal Prison Camp in Atlanta, Georgia. ECF No. 1810. On February 18, 2009, Respondent named Movant in a 23-defendant, 42-count Third Superseding Indictment wherein Movant was charged in four counts. Movant was charged in Count 1 for conspiring to possess with intent to distribute, as well as distributing, five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. ECF No. 596. Movant was also charged in Count 32 with using a communication facility to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Id. Additionally, Movant was charged

in Count 37 with distributing a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), as well as in Count 41, with aiding and abetting in the possession with intent to distribute a quantity of cocaine within a thousand feet of a school and playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a), and 18 U.S.C. § 2. Id. On September 30, 2009, in accordance with the terms of a written plea agreement, Movant entered a plea of guilty to the lesser included offense in Count 1—conspiracy to distribute 1500 grams or more of cocaine—and Count 41 of the indictment. ECF No. 929.

As a result of his plea, Movant faced a statutory minimum term of five years imprisonment and a maximum term of 40 years imprisonment, as to Counts 1 and 41. ECF No. 921 at 2. A Presentence Investigation Report ("PSR") was prepared by the United States Probation Office. Based on his prior criminal history, Movant received four criminal history points. Movant received one criminal history point for his conviction for possession of marijuana in violation of S.C. Code Ann. § 44-53-370. Movant also received one criminal history point for his conviction for failing to stop for a blue light in violation of S.C. Code Ann. § 56-5-750. Movant also received an additional two points for being on state probation at the time of the offense, which elevated his criminal history category to Level III. ECF No. 1386 at 14-15 ¶¶ 32-37. As to Count 1, Movant was attributed 1,908.12 grams of cocaine powder for a base offense level of 26. Movant received a two-level gun enhancement because he possessed a firearm in connection with his drug distribution activities. Id. at ¶¶ 21, 26, 47, 53. Movant's sentence was also subject to a two-level increase for obstruction pursuant to U.S.S.G. § 3C1.1, for an adjusted offense level of 30. ECF No. 1386 at ¶¶ 24, 28, 29, 50, 56. As to Count 41, Movant received a base level of 27 due to the amount of cocaine powder attributed to him for Count 1. See U.S.S.G. § 2D1.2(a). Due to the gun and obstruction

enhancements that were also applied in Count 1, Movant's adjusted offense level after the addition of the enhancements was 31, as to Count 41. Also, despite Movant's statement of acceptance of responsibility, the United States Probation Office ("USPO") did not recommend a sentence reduction for acceptance of responsibility because of Movant's refusal to take a polygraph examination in compliance with the terms of his proffer agreement. ECF No. 921 at 13 ¶¶ 12, 30. Accordingly, Movant's combined adjusted offense level was 31 for Counts 1 and 41, and when combined with his criminal history category of III, Movant's guideline range was 135 to 168 months. Id. at 20 ¶79.

Movant's sentencing hearing was initially held on April 16, 2010. ECF No. 1298. During the sentencing hearing, Movant objected to the firearm enhancement recommended in paragraph 47 of the PSR. The court continued the sentencing proceeding to June 7, 2010, so that counsel could file a formal objection. ECF No. 1541 at 6-7. Ultimately, the court overruled the objection because the court did not find that Movant's testimony was credible with respect to the firearm. ECF No. 1545 at 59-60. The court found the total offense level to be 31, with a recommended Sentencing Guidelines range of 135-168 months of imprisonment. Id. at 61. The court sentenced Movant to a term of imprisonment of 168 months on both counts, to run concurrently, followed by six years of supervised release. ECF No. 1381. Judgment was entered on June 10, 2010. Id.

On June 15, 2010, Movant filed a notice of appeal to the Court of Appeals for the Fourth Circuit contesting his two level gun enhancement at sentencing. ECF No. 1388. The Fourth Circuit held that Movant waived his right to appeal the sentencing enhancement and dismissed the appeal. United States of America v. Tyrone Blocker, No. 10-4655 (4th Cir. Jul. 13, 2011). Movant also filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3583(c)(2) that was denied by this court on February 28, 2012. ECF Nos. 1695 & 1705. Subsequently, on May 4, 2012, Movant filed the

within motion to vacate asserting multiple instances of ineffective assistance of counsel as his grounds for relief. ECF No. 1728. On May 7, 2012, the court issued an order advising Respondent to file an answer or other pleading within thirty days. ECF No. 1729. On June 28, 2012, Respondent filed a response in opposition to the motion to vacate and a motion for summary judgment.[1] ECF Nos. 1761-62. Also on June 28, 2012, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Movant of the consequences if he failed to adequately respond to Respondent's motion for summary judgment. ECF No. 1763. Movant filed a reply to Respondent on August 6, 2012. ECF No. 1780. Movant also filed a motion to amend[2] his motion to vacate on September 30, 2013, as well as a supplementary brief on July 9, 2014. ECF Nos. 1833 & 1866. The court will consider all of Movant's supplementary briefs.

## II. LEGAL STANDARD

### A. *Motions to Vacate Generally*

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under 28 U.S.C. § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). If, on the other hand, "the motion

---

[1] On June 6, 2012, Respondent filed a motion for extension of time that was granted by the court on June 7, 2012. ECF Nos. 1740-41.

[2] Respondent did not file a response objecting to the court's consideration of the motion to amend.

4

and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. Rule 4(b), Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to relief).

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994)). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the [movant] could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

### B.     *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, Movant must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. Id. at 687. This test applies not only to an attorney's performance at trial, but also to a claim that counsel was ineffective during the entry of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 59 (1985). To demonstrate deficient performance, Movant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Id. Competency is measured by what an objectively reasonable attorney would have done under the circumstances

existing at the time of the representation. Id. at 687-88. To demonstrate actual prejudice, Movant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. Movant must show that but for counsel's errors, he would not have accepted the plea and "would have insisted on going to trial." Hill, 474 U.S. at 52. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697.

### C. *Liberal Construction of Pro Se Claims*

The court is required to construe pro se pleadings liberally. See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.   ANALYSIS

#### A.   *The Argument of the Parties*

##### *1. Movant's Argument*

Movant alleges three grounds for relief in support of his claim of ineffective assistance of counsel. In his first ground for relief, Movant contends that his counsel was ineffective for assuring him that he would receive only a five-year sentence if he agreed to plead guilty to Counts 1 and 41. ECF No. 1728-1at 9-11. In support of this assertion, Movant contends that when he expressed concern about the recommended sentence of 135 to 168 months in the PSR, his counsel reassured him that the inclusion of the recommended sentence was just a formality but that Movant would still receive the five-year sentence. Id. at 11. Movant also appears to allege that if he had been properly informed about his possible sentence, he would not have entered a plea of guilty. Accordingly, Movant asserts that his plea was not intelligent due to the misinformation he received from his counsel. ECF No. 1780 at 3.

With regard to his second ground for relief, Movant asserts that his counsel was ineffective for failing to object to the criminal category increases in the PSR. ECF No. 1780 at 5. Movant seemingly argues that his prior criminal convictions should have been excluded from the computed criminal history calculations because they qualified as exempted convictions pursuant to U.S.S.G. § 4A1.2(C)(1). ECF No. 1866 at 3-4. Movant contends that if his counsel had properly objected to the criminal category increase, Movant would have received a lower sentence. ECF No. 1780 at 5.

Next, as to his final ground for relief, Movant contends that both his trial counsel and appellate counsel were ineffective for failing to object to the gun enhancement. ECF No. 1728-1 at 15. Movant relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), to support his assertion that

possession of a firearm was an element of the drug convictions to which he entered a guilty plea, not a sentencing factor. According to Movant, because his possession of a firearm was not a sentencing factor, the court was required to find that he had possession of a firearm beyond a reasonable doubt, not based on a preponderance of the evidence standard. Movant seemingly asserts that his counsel's failure to object to the gun enhancement on this basis was constitutionally deficient.

### 2. *Respondent's Arguments*

In response, Respondent first addressed Movant's argument that his trial counsel was ineffective for advising him that he would only receive a sixty month sentence. Respondent contends that Movant has failed to show that his counsel's actions fell below an objective standard of reasonableness. ECF No. 1761 at 5. Respondent asserts that during the plea colloquy, Movant was informed by the court that he was facing a statutory penalty of between five and forty years of incarceration for Count 1. Id. at 6. During that same hearing, Respondent noted that the maximum penalty for Count 41 was a sentence of eighty years. Movant testified that he understood what he was being charged with as well as the potential penalties. Id. Additionally, Respondent contends that Movant testified that he had no complaints regarding his attorney's services and that Movant's attorney explained to him how the sentencing guidelines might affect his ultimate sentence. Id. Moreover, Respondent indicates that Movant also testified that he understood his attorney could only give him an estimate of his potential sentence, but that ultimately, the court could impose a different sentence. Id. at 6-7. As such, Respondent contends that Movant has failed to show that his counsel's actions fell below an objective standard of reasonableness. Respondent also asserts that Movant has not shown that he would have proceeded to trial if not for his counsel's actions. Id. Movant admitted the facts necessary to establish his guilt and was sentenced within the statutory

range. Thus, Respondent contends that Movant cannot establish that he experienced prejudice at sentencing as a result of his attorney's actions. Based on these reasons, Respondent argues that Movant has failed to show that his counsel was ineffective.

Next, Respondent addressed Movant's argument with respect to the prior criminal history calculation used to enhance his sentence. First, Respondent contends that Movant cannot contest the portion of his PSR that attributed two criminal history points based on his prior convictions in 2004, for possession of marijuana, and in 2007, for failure to stop for a blue light. Id. at 8. Respondent asserts that Movant cannot contest an alleged miscalculation of his criminal history category because he did not raise the issue at sentencing or on direct appeal. Second, Respondent asserts that if Movant is arguing that his counsel was ineffective for failing to raise the issue of miscalculation of the criminal history category, the argument is without merit. Respondent argues that pursuant to U.S.S.G. § 4A1.1(c) and U.S.S.G. § 4A1.2(3), any conviction for which the imposition of sentence was totally suspended shall be counted as a prior sentence and receive one criminal history point. The only exception to the rule with respect to misdemeanors is under section 4A1.2(c)(1), and Respondent contends that neither of Movant's convictions falls under the exception. As such, Movant has failed to show that his counsel was ineffective for failing to contest the calculation of his criminal history category based on the aforementioned prior convictions.

Finally, Respondent addresses Movant's argument that both his trial counsel and appellate counsel were ineffective for failing to object to the two level gun enhancement Movant received at sentencing. Pursuant to U.S.S.G. § 2D1.1(b)(1), the district court was permitted to enhance Movant's sentence by two levels if it determined that "a dangerous weapon (including a firearm) was possessed" during the predicate drug-trafficking crime. United States v. Manigan, 592 F.3d 621 (4th

9

Cir. 2010). Accordingly, the enhancement was properly applied unless it is unlikely the weapon was connected with the offense. U.S.S.G. § 2D1.1 cmt. n. 3. Respondent asserts that based on the testimony presented at the sentencing hearing and the fact that the gun was found with Movant's cocaine in the armrest, the court properly found by a preponderance of the evidence that Movant possessed the gun.

### B. The Court's Review

#### 1. Counsel Ineffective for Failure to Communicate Length of Sentence

Movant asserts that his counsel was ineffective because his counsel allegedly guaranteed that Movant would only receive a sentence of sixty months. However, during his plea colloquy, Movant acknowledged that his lawyer advised him of how the sentencing guidelines may affect his case. ECF No. 1539 at 29-30. Movant also acknowledged that he understood that his attorney could only give him an estimate of what his guideline range would be and that the court could impose a sentence different than the estimate given by his lawyer. Id. at 30-31. Further, Movant asserted that no one promised him what sentence he would receive, and that he was pleading guilty of his own free will. Id. at 86-87, 92. These sworn statements contradict Movant's allegation that his counsel repeatedly guaranteed that he would receive a sentence of sixty months. "[A]llegations in a § 2255 motion that directly contradict the [movant's] sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Therefore, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies

on allegations that contradict the sworn statements." Id. at 221-22. Based on the record before it, the court cannot conclude that Movant's counsel repeatedly promised Movant that he would receive a sentence of sixty months. As such, Movant has failed to demonstrate that his trial counsel's communication regarding the length of his sentence fell below an objective standard of reasonableness.

Furthermore, even if trial counsel did make the alleged representations regarding Movant's potential sentence, any ineffective assistance was cured by the plea colloquy conducted by the court. As such, Movant has also failed to demonstrate prejudice as a result of his trial counsel's actions. Accordingly, Movant cannot demonstrate that his counsel's assistance was ineffective. Movant's first claimed ground for relief is without merit.

### *2. Counsel Ineffective for Failure to Object to Criminal History*

It is not clear whether Movant is challenging that his criminal history category was erroneously calculated or that his trial counsel was ineffective for failing to object to the criminal history calculation. To the extent that Movant is challenging the calculation of the criminal history category which helped form the basis of his sentence, he waived the right to contest the conviction and the sentence when he signed the plea agreement. ECF No. 921 at 11 ¶ 15. Even if he had not waived his right to appeal, his failure to object to the criminal history calculation at sentencing or raise the issue on direct appeal, would require him to show actual prejudice resulting from the alleged error. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

The court assumes for the purposes of summary judgment that Movant is alleging that his trial counsel was ineffective when he failed to object to the criminal history calculation. Movant relies on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and Monge v. California, 524 U.S. 721

(1998), to support the contention that his two prior convictions should not have been included in his criminal history calculation. The two cases relied upon by Movant are inapplicable here. In Carachuri-Rosendo, the Supreme Court determined that simple drug possession convictions were not aggravated felonies that could support deportation as defined by the Immigration and Nationality Act. In Monge, the Supreme Court held that the double-jeopardy clause did not apply to sentencing hearings where prosecutors present evidence to bolster a "serious felony" finding under California's "three-strikes" law. Neither of the cases cited by Movant has any application to the criminal history calculation under the sentencing guidelines.

Moreover, pursuant to the guidelines, any prior sentence that is not otherwise excluded can be counted in the criminal history score, "including uncounseled misdemeanor sentences where imprisonment was not imposed." U.S.S.G. § 4A1.2, cmt. n. 12, background. Neither of Movant's prior convictions are excluded under U.S.S.G. § 4A1.2(c). Drug possession is not an exempted offense under section 4A1.2(c). Although failing to stop for a blue light might reasonably be considered failing to obey a police officer, which is an exemption under section 4A1.2(c)(1), Movant received a sentence of 18-months imprisonment suspended to probation for one year. ECF No. 1338 at 14 ¶ 34. Pursuant to section 4A1.2(c)(1), an exempted offense can be counted if the sentence was more than one year of probation or a term of imprisonment for more than thirty days. Movant's prior convictions were appropriately included in the calculation of his criminal history. Accordingly, trial counsel's failure to object to the criminal history calculation based on these two prior convictions did not fall below an objective standard of reasonableness. Any objection to the inclusion of these convictions would have been meritless, and failure to raise a meritless objection is not grounds for ineffective assistance of counsel. Therefore, this court finds that Movant's second claimed ground

for relief is without merit.

### *3. Counsel Ineffective for Failure to Object to the Gun Enhancement*

Finally, Movant asserts that both his trial counsel and appellate counsel were ineffective for failing to object to the two level gun enhancement applied to his sentence. Movant's counsel clearly objected to the enhancement at sentencing. See ECF No. 1545 at 2. Movant's counsel produced evidence, including the testimony of Movant and his co-defendant's girlfriend, to show that Movant did not know the gun existed in the car at the time of arrest. Id. at 3. The court was not convinced and did not find the witness testimony to be credible. As such, the court found that it was highly probable that the firearm was possessed in connection with the drug offense because the firearm was found in a console with drugs and cash claimed by Movant. Id. at 60. Accordingly, the sentencing court found that the two level gun enhancement was appropriate. Id. Movant's appellate counsel also raised the issue of the gun enhancement on appeal, which was dismissed by the Fourth Circuit because Movant waived his right to appeal. See United States of America v. Tyrone Blocker, No. 10-4655 (4th Cir. Jul. 13, 2011).

Movant also suggests that his attorneys should have raised an argument based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and that their failure to do so was constitutionally deficient. In Apprendi the court held that any fact that increases the penalty for crime beyond the prescribed statutory maximum must be proved beyond a reasonable doubt. The defendant entered a plea of guilty to two counts of second degree possession of a handgun for an unlawful purpose and for one count of unlawful possession of a bomb. The prosecution requested that the judge apply a "hate-crime" enhancement at sentencing, which increased the maximum sentence for the second degree gun convictions from ten years to twenty years. Apprendi, 530 U.S. at 470. The court found that

the effect of such an enhancement was to turn a second degree offense into a first degree offense without the required fact-finding beyond a reasonable doubt by a jury, which was improper. Id. at 494.

Apprendi is not applicable in Movant's case because the two-level gun enhancement did not increase the statutory maximum for his sentence. The maximum term prescribed by statute for Movant's convictions was a forty-year term of imprisonment. Movant was sentenced to 168 months, or fourteen years, which is significantly less than the maximum term. Because the two level gun enhancement did not increase the maximum term for Movant's sentence, the court was not required to find that Movant possessed the gun based on the beyond a reasonable doubt standard. Any argument based on Apprendi in this scenario would have been meritless, and an attorney's failure to present a meritless argument cannot be the basis for ineffective assistance of counsel. Movant has failed to demonstrate that the actions of his trial counsel and appellate counsel fell below an objective standard of reasonableness. The court finds that Movant's third claimed ground for relief is without merit.

### *C. Motions to Amend and Expand the Record*

Movant has filed a motion to amend the motion to vacate, ECF No. 1833, and a supplementary brief accompanied by a motion to expand the record, ECF No. 1866. The court considered all of Movant's supplementary motions and addressed the arguments herein. In his motion to amend, Movant requested that the court issue an order requiring Respondent to reply to his amendment. The court declined to issue an order requiring Respondent to reply to the amendment. Accordingly, the motion to amend is granted in part, and denied in part. The motion to expand the record is granted.

## V. CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court concludes that Movant Tyrone Blocker's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 should be and is hereby DENIED. ECF No. 1728. The motion for summary judgment of the United States of America is hereby GRANTED, and this matter is dismissed with prejudice. ECF No. 1762.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
January 15, 2015